# MANDATE

E.D.N.Y.
20-1720
Donnelly, J.

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand twenty.

Present:
    Debra Ann Livingston,
        *Chief Judge,*
    John M. Walker, Jr.,
    Dennis Jacobs,
        *Circuit Judges.*

---

United States of America,

        *Appellee*,

v.                                                    20-1720

Robert Sylvester Kelly, AKA R. Kelly,

        *Defendant-Appellant*.

---

    Defendant-Appellant Robert Sylvester Kelly ("Kelly") appeals from a May 15, 2020 order of the U.S. District Court for the Eastern District of New York (Donnelly, *J.*), which denied Kelly's motion for reconsideration of the district court's prior denial of pretrial release under 18 U.S.C. § 3142(e) and denied Kelly's motion for temporary release under 18 U.S.C. § 3142(i). We have jurisdiction over this appeal under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. *See* Fed. R. App. P. 9(a). "[W]e apply deferential review to a district court's order of detention and will not reverse except for clear error, *i.e.* unless 'on the entire evidence we are left with the definite and firm conviction that a mistake has been committed.'" *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)).

    Kelly challenges the district court's order of pretrial detention under 18 U.S.C. § 3142(e). "A district court is instructed to order the pre-trial detention of a defendant if, after a hearing, the judge 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States*

*v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020) (quoting 18 U.S.C. § 3142(e)(1)). Where, as here, a defendant has been charged with offenses involving minor victims under 18 U.S.C. §§ 2251, 2421, 2422, and 2423, a rebuttable presumption arises that no conditions can provide the requisite assurances. *See* 18 U.S.C. § 3142(e)(3). The defendant "bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Once the burden of production is met, the presumption "does not disappear entirely," but rather "remains a factor to be considered among those weighed by the district court. Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Id*. (citations omitted).

In making its determination, "the district court must consider the following factors set forth in 18 U.S.C. § 3142(g): '(1) the nature and the circumstances of the offense charged. . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [his] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . (4) the nature and seriousness of the danger to any person or to the community that would be posed by the person's release.'" *Mattis*, 963 F.3d at 291 (quoting 18 U.S.C. § 3142(g)).

Kelly also seeks temporary release under 18 U.S.C. § 3142(i). Under that provision, a "judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

We perceive no clear error in the district court's determination that the government has demonstrated by clear and convincing evidence that Kelly presents risk of a danger to the community and by a preponderance of the evidence that Kelly presents a flight risk, and, moreover, that no condition or combination of conditions could assure against those risks. Likewise, the court did not clearly err in determining that Kelly failed to demonstrate a "compelling reason" for temporary release. 18 U.S.C. § 3142(i). We assume that adequate opportunity for consultation with counsel will be assured as a matter of trial administration by the judges who will preside over the two trials.

Accordingly, we AFFIRM the district court's denial of release for substantially the reasons set forth in its well-reasoned order of May 15, 2020.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2